# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

PARNELL R. MAY                                                    PLAINTIFF

VS.                           4:18-CV-00496-BRW

MARIANNE SATTERFIELD                                              DEFENDANT

## ORDER

I must screen prisoner complaints that seek relief against a government entity, officer, or employee.[1] I will dismiss any part of a complaint raising claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek money from a defendant who is immune from paying damages.[2] A claim is frivolous if "it lacks an arguable basis either in law or in fact."[3] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."[4]

Plaintiff Parnell R. May ("Plaintiff") alleges that Defendant Marianne Satterfield ("Defendant"), a prosecuting attorney, violated his constitutional rights in a pending state-court criminal action by amending the felony information against Plaintiff to include capital murder charges after a jury trial for murder in the first degree ended in mistrial.[5] Plaintiff's claims against Defendant should be stayed. In *Younger v. Harris,* [6] the Supreme Court held that federal

---

[1] 28 U.S.C. § 1915A.

[2] *Id.*

[3] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] Doc. Nos. 1, 3.

[6] 401 U.S. 37, 43-45 (1971).

courts should abstain from interfering in ongoing state proceedings. The Court explained the

rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity
> to the legitimate interests of both State and National Governments, and in which
> the National Government, anxious though it may be to vindicate and protect federal
> rights and federal interests, always endeavors to do so in ways that will not unduly
> interfere with the legitimate activities of the States.[7]

The *Younger* abstention doctrine is appropriate where: (1) there is an ongoing state

proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue for

reviewing his constitutional claims in state court.[8]  Here, Arkansas has an important interest in

adjudicating the charges against May, and he may raise the constitutional issues before the state

court (and he already has).[9]  May has not pled any extraordinary circumstances that would

warrant intervention in the state proceedings.[10]  When, as here, a plaintiff does not seek damages,

his case should be dismissed under *Younger*, rather than stayed.[11]  Accordingly, May's complaint

is administratively terminated until the criminal charges against him have been fully resolved.

### CONCLUSION

The Clerk of the Court is directed to stay and administratively terminate this proceeding

pending final disposition of May's criminal charges.

---

[7] *Id*. at 44.

[8] *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994).

[9] *State v. May*, 60CR-17-169, Circuit Court of Pulaski County, Arkansas. Available at: https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?back to=P&case_id=60CR-17-169&begin_date=&end_date=

[10] *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

[11] *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481-82 (8th Cir. 1998).

This case is subject to reopening upon May's filing of a motion to reopen the case after such final disposition.

I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal of this order would not be taken in good faith.

IT IS SO ORDERED this 13th day of September, 2018.


/s/ Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE